

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

FILED
MAY - 2 2017
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

April 4, 2017

W. Michael Frazier
FRAZIER & OXLEY
P. O. Box 2808
Huntington, WV  25727

      Re:  United States v. Charley G. Myers
           Criminal No. 3:17-00064  (USDC SDWV)

Dear Mr. Frazier:

    This will confirm our conversations with regard to your client, Charley G. Myers (hereinafter "Mr. Myers"). As a result of these conversations, it is agreed by and between the United States and Mr. Myers as follows:

    1.  **PENDING CHARGES.**  Mr. Myers is charged in one count of a two-count indictment in Criminal Action No. 3:17-cr-00028-2 which charges Mr. Myers with a violation of 21 U.S.C. § 846 (conspiracy to distribute 50 grams or more of Methamphetamine). and

    2.  **CHARGING AGREEMENT.**  Mr. Myers agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a one-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

    3.  **RESOLUTION OF CHARGES.**  Mr. Myers will plead guilty to violations of 21 U.S.C. § 841(a)(1) and Title 18, U.S.C. § 2 (aiding and abetting the distribution of 5 grams or more of methamphetamine) as charged in said information. Following final

*CM*
———————————
Defendant's
Initials

W. Michael Frazier
April 4, 2017                                          Re: Charley G. Myers
Page 2

disposition, the United States will move the Court to dismiss Count One in Criminal No. 3:17-cr-00028 as to Mr. Myers.

    4. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Myers will be exposed by virtue of this guilty plea is as follows:

    (a) Imprisonment for a minimum mandatory of 5 years up to 40 years;

    (b) A fine of $5 million, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c) A term of supervised release of at least 5 years;

    (d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

    (e) Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Myers for a period of 5 Years; and

    (f) Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

    5. **SPECIAL ASSESSMENT.** Mr. Myers has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Myers agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    6. **PAYMENT OF MONETARY PENALTIES.** Mr. Myers agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea

                                                                         _CM_____
                                                                           Defendant's
                                                                             Initials

W. Michael Frazier
April 4, 2017                                      Re: Charley G. Myers
Page 3

agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Myers further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    7.    **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Myers stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

    Mr. Myers agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the information and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Myers or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Myers knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

    The United States and Mr. Myers understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

*CM*<br>_____<br>Defendant's Initials

W. Michael Frazier
April 4, 2017                                    Re: Charley G. Myers
Page 4

    8.    **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Myers knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

    Mr. Myers also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

    The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

    9.    **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Myers knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    10.    **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

*CM*<br>_____<br>Defendant's Initials

W. Michael Frazier
April 4, 2017                        Re: Charley G. Myers
Page 5

  (a)   Inform the Probation Office and the Court of all relevant facts and conduct;

  (b)   Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

  (c)   Respond to questions raised by the Court;

  (d)   Correct inaccuracies or inadequacies in the presentence report;

  (e)   Respond to statements made to the Court by or on behalf of Mr. Myers;

  (f)   Advise the Court concerning the nature and extent of Mr. Myers's cooperation; and

  (g)   Address the Court regarding the issue of Mr. Myers's acceptance of responsibility.

11. **VOIDING OF AGREEMENT**. If either the United States or Mr. Myers violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

12. **ENTIRETY OF AGREEMENT**. This written agreement constitutes the entire agreement between the United States and Mr. Myers in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Myers in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                       CAROL A. CASTO
                       United States Attorney

                                          *CM*
                                          _____
                                               Defendant's
                                               Initials

W. Michael Frazier
April 4, 2017                                              Re: Charley G. Myers
Page 6

                                By: _____
                                    R. GREGORY MCVEY
                                    Assistant United States Attorney

RGM/fgc

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 6-page agreement that I have read and carefully discussed every part of it with my attorneys, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorneys have advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorneys in this matter.

_____        5-1-17
Charley G. Myers                       Date Signed
Defendant

_____        5/1/17
W. Michael Frazier                     Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:17-00064

CHARLEY G. MYERS

### STIPULATION OF FACTS

The United States and CHARLEY G. MYERS (hereinafter "Defendant") stipulate and agree that the facts comprising the offense of conviction (Count One in the Information filed in the Southern District of West Virginia, Criminal No. 3:17-00064) and the relevant conduct for that offense, include the following:

### Offense Conduct

On August 23, 2016, Tracie M. Reed (Reed) sold approximately 55.52 grams of methamphetamine, a Schedule II controlled substance, to confidential informants in exchange for $2100 in United States currency. The transaction took place near Walmart, in Hurricane, Putnam County, West Virginia. The transaction was arranged through a phone call placed by the confidential informant. Defendant drove Reed to the location to make the sale. Defendant was fully aware that they were meeting the confidential informants to provide them with methamphetamine.

The methamphetamine Reed sold that day was tested at the Homeland Security forensic laboratory with positive results. Tests at that laboratory also showed that the methamphetamine had an average purity of 99.3 (+/- 2.1%) by weight.

### Relevant Conduct

Defendant and Reed, along with others, sold methamphetamine from approximately February of 2016 until September 13, 2016. Defendant and Reed developed a source of supply in Texas. After their initial trips to Texas, Defendant and Reed purchased at least a kilogram of methamphetamine on each subsequent trip at a price of $20,000 per kilogram. On at least two occasions during this period, Defendant and Reed obtained ~~4 kilograms~~ *cum large quantities* of methamphetamine which they brought back to their home and sold at various locations in Putnam and Kanawha Counties, among other places.

On September 12, 2016, Reed sold and fronted approximately 104.26 grams of 97.3% pure methamphetamine to the same confidential informants involved in the August 23 sale. This sale took place at Defendant's and Reed's home in Chesapeake, Ohio. The methamphetamine sold that day was part of what Defendant and Reed had obtained in Texas.

## Drug Weight

The parties stipulate that a conservative, but readily provable, drug weight for sentencing purposes is at least 3000 but less than 10000 kilograms of marijuana equivalency.

This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning her involvement and the involvement of others in the charges set forth in the Indictment.

Stipulated and agreed to:

_____          4-7-17
CHARLEY G. MYERS                         Date
Defendant

_____          4/7/17
W. MICHAEL FRAZIER                       Date
Counsel for Defendant


_____          _____
R. GREGORY McVEY                         Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT B**
3